## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WENDY MEDINA,**<br>1121 Loxford Terrace<br>Silver Spring, MD 20901<br>    **Plaintiff,**<br><br>            v.<br><br>**KEVORKIAN CLEANING**<br>**COMPANY, INC.**<br>3303 Glenmoor Drive<br>Chevy Chase, MD 20815<br><br>**CHRISTOPHER KEVORKIAN,**<br>3303 Glenmoor Drive<br>Chevy Chase, MD 20815<br><br>    **Defendants.** | **Civil Action No.**_____ |

## COMPLAINT FOR DECLARATORY
## AND MONETARY RELIEF AND JURY DEMAND

Plaintiff Wendy Medina ("Plaintiff"), by and through her undersigned attorneys, files this Complaint for declaratory and monetary relief against Defendants Kevorkian Cleaning Company, Inc. ("Company") and Christopher T. Kevorkian (collectively, "Defendants"), to seek redress for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the District of Columbia Minimum Wage Revision Act, D.C. Code §§ 32-1001, *et seq.* ("DCMWRA"); the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq.* ("DCWPCL").

Defendants, through the actions and omissions alleged herein, failed to pay Plaintiff all earned minimum and overtime wages during the course of Plaintiff's employment with

1

Defendants, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*; the DCMWRA, D.C. Code §§ 32-1001, *et seq.* ("DCMWRA"); and the DCWPCL, D.C. Code §§ 32-1301, *et seq.*

Plaintiff seeks to recover all wages or other compensation lost or denied due to Defendants' violations, as well as liquidated damages, attorneys' fees, costs, and expenses, pre- and post-judgment interest, and any other legal or equitable relief that this Court deems proper to redress Defendants' unlawful actions.

## JURISDICTION AND VENUE

1.  Count 1 of this Complaint is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

2.  Counts 2 and 3 are brought pursuant to District of Columbia law.

3.  This Court maintains subject-matter jurisdiction over Count 1 of Plaintiff's action pursuant to 28 U.S.C. § 1331, as these claims arise under the laws of the United States.

4.  This Court maintains supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), over Plaintiff's claims arising under the laws of the District of Columbia, the DCMRWA and the DCWPCL, because these claims are based on the same facts and are part of the same case or controversy as those arising under the FLSA.

5.  Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the Defendants' actions and omissions giving rise to the claims in this Complaint occurred in the District of Columbia.

6.  Defendants frequently do business in the District of Columbia and have registered the corporate defendant in the District of Columbia for the purpose of conducting business in this district, and are subject to this Court's personal jurisdiction.

2

7.    During the course of Plaintiff's employment, Plaintiff performed work at various
locations in the District of Columbia at the direction of Defendants.

## PARTIES

8.    Plaintiff Wendy Medina is an adult resident of Maryland.

9.    Plaintiff worked for Defendants as a cleaner for Kevorkian Cleaning Company, Inc.,
performing janitorial and cleaning services throughout the District of Columbia and
Maryland during the course of her employment.

10.   Plaintiff was first hired by Defendants in or about early 2015, and worked for Defendants
for approximately three months.

11.   Plaintiff was later re-hired by Defendants on or about June 1, 2015 and worked for
Defendants until her termination on or about July 31, 2016.

12.   Plaintiff is a D.C.-based employee within the meaning of D.C. Code § 32-1003(b)
because Plaintiff regularly spent more than 50% of her working time in the District of
Columbia during her employment with Defendants.

13.   At all times relevant to this Complaint, Plaintiff was a non-exempt employee within the
meaning of the FLSA and did not meet the requirements for exemption from the FLSA
pursuant to 29 U.S.C. § 213, *et seq.*, or C.F.R. §§ 541 *et seq.*

14.   At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within
the meaning of 29 U.S.C. § 203(e), D.C. Code § 32-1002(2), and D.C. Code § 32-
1301(2).

15.   At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within
the meaning of 29 U.S.C. § 203(d), D.C. Code § 32-1002(3), and D.C. Code § 32-
1301(1B).

3

16.    Defendant Kevorkian Cleaning Company, Inc. provides janitorial services in the District of Columbia and Maryland, and is a Maryland corporation engaged in commerce within the meaning of 29 U.S.C. § 203(s).

17.    Upon information and belief, Defendant Kevorkian Cleaning Company, Inc. engages in business in the District of Columbia and Maryland, and is registered with the District of Columbia for the purpose of engaging in business in this district.

18.    Defendant Christopher T. Kevorkian is an adult resident of Maryland and is listed as the resident agent of Defendant Kevorkian Cleaning Company, Inc. for its corporate registration in Maryland. The last known address for Mr. Kevorkian is 3303 Glenmoor Drive, Chevy Chase, MD 20815.

19.    Upon information and belief, Defendant Christopher T. Kevorkian is the President and Secretary of Defendant Kevorkian Cleaning Company, Inc.

20.    At all times relevant to this Complaint, Defendants had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.

21.    At all times relevant to this Complaint, Defendants engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

22.    Upon information and belief, at all times relevant to this Complaint, Defendants provided janitorial services at various locations in Washington, D.C., including 1443 P Street NW, Washington, DC 20005, 1200 New Hampshire Ave NW, Washington, DC 20036, 950 15th St NW, Washington, DC 20005, and 601 Pennsylvania Ave NW, Washington, DC 20004.

4

## STATEMENT OF FACTS

23.   Defendants provide cleaning and janitorial services for both residential and commercial properties in the District of Columbia and Maryland.

24.   Plaintiff worked for Defendants as a cleaner, performing cleaning and janitorial services at the direction of Defendants in restaurants in the District of Columbia and Maryland in early 2015 for approximately three months, and then again from approximately June 1, 2015 through approximately July 31, 2016.

25.   Plaintiff was initially introduced to Defendant Kevorkian in person by an employee of Defendants, known as Mr. Elias. After meeting Plaintiff, Defendants hired Plaintiff to work as a cleaner for Defendants in early 2015.

26.   During her first three months of employment in 2015, Defendant Kevorkian regularly met Plaintiff or contacted her by telephone to communicate with her about her duties and to set her schedule. Defendant Kevorkian also set her rate of pay during this period. Although Defendants indicated to Plaintiff that she would be compensated $2000 per month, Defendants paid Plaintiff only $1200 per month during this period. As a result of this underpayment, Plaintiff stopped working for Defendants after approximately three months.

27.   During her initial three month period of employment in 2015, Plaintiff routinely worked in excess of forty hours per week. Upon information and belief, Defendants did not track or record Plaintiffs hours during this period.

28.   Subsequently, Defendant Kevorkian and a different employee of Defendants, Eduardo Negrete, contacted Plaintiff to resume working for Defendants. Defendant Kevorkian

directly contacted Plaintiff on multiple occasions to discuss her return to the workplace, and Defendants offered her a position cleaning restaurants in the District of Columbia and Maryland.

29.    Plaintiff accepted the new offer of employment from Defendants, and on or about June 1, 2015 began working for Defendants again, and continued to do so until her termination on or about July 31, 2016.

30.    At all relevant times, Defendants directed Mr. Elias and Mr. Negrete to find employees to work under the direction and control of Defendants and Defendants directed Mr. Elias and Mr. Negrete to pay Plaintiff with funds provided by Defendants.

31.    Upon information and belief, Mr. Negrete and Mr. Elias did not determine Plaintiff's assignments, work schedule, the locations to be cleaned, or the order in which the locations were to be cleaned.

32.    Defendants controlled the terms and conditions of Plaintiffs employment.  Specifically, Defendants assigned Plaintiff tasks and directed the means of carrying out those tasks, including directing Plaintiff where to clean, what to clean, how to clean, and providing her with cleaning supplies such as the necessary chemicals, cleaning brushes, and other equipment to carry out those tasks.

33.    Defendants also controlled Plaintiff's work schedule and employment status, including dictating the days that she worked and her cleaning schedule.

34.    Upon information and belief, Defendants exercised the power to hire and fire Plaintiff and controlled her rate of pay.

35.    Plaintiff's usual daily schedule involved cleaning approximately five restaurants, four of which are located in the District of Columbia, and one located in Maryland.

36.   Defendant Kevorkian communicated with Plaintiff by telephone or text message regarding her schedule and informed her of changes to her schedule or locations that she was expected to clean.

37.   Upon information and belief, each restaurant took approximately 1-3 hours to clean.

38.   Upon information and belief, Plaintiff would usually begin work at approximately 12:00 a.m. and end work between approximately 8:00 a.m. or 10:00 a.m., seven days per week. Accordingly, between about June 1, 2015 and her last day of work, Plaintiff worked approximately 63 hours per week on average.

39.   Defendants paid Plaintiff for her work performed throughout the District of Columbia and Maryland.

40.   Upon information and belief, Mr. Elias received money from Defendants to pay Plaintiff for her work for Defendants during the first three months of her employment in early 2015. For approximately three months in early 2015, Mr. Elias delivered to Plaintiff money provided by Defendants, which totaled approximately $600 every two weeks regardless of the number of hours that Plaintiff worked.

41.   Upon information and belief, beginning on or around June 1, 2015, Mr. Negrete received money from Defendants to pay Plaintiff for her work for Defendants. From approximately June 1, 2015, to on or about March 1, 2016, Mr. Negrete delivered to Plaintiff money provided by Defendants, which amounted to $1100 every two weeks, or approximately $2200 every month, regardless of the number of hours that Plaintiff worked.

42.   Upon information and belief, Plaintiff was not paid at all for work she performed in
March 2016 and Plaintiff complained to Defendant Kevorkian.  Plaintiff requested that
Defendant Kevorkian pay her directly and he agreed.

43.   Upon information and belief, from on or about April 1, 2016, to on or about July 31,
2016, Defendants paid Plaintiff directly $1100 every two weeks, or approximately $2200
every month, as she had previously received, for the janitorial services Plaintiff
performed at the direction of Defendants, regardless the number of hours she actually
worked.

44.   Upon information and belief, Defendants did not record the hours or time worked by
Plaintiff.

45.   When Defendants paid Plaintiff, they failed to furnish to Plaintiff an itemized statement
showing the gross wages paid, a breakdown of overtime and non-overtime hours, and an
itemization of the deductions taken from the wages Plaintiff earned.

46.   Defendants regularly required Plaintiff to work in excess of 40 hours per week.

47.   Upon information and belief, Defendants did not display or provide any notification of
employees' rights under federal or state wage and hour laws or regulations as required by
29 C.F.C. § 541, *et seq.*, and D.C. Code. § 32-1009, *et seq.*

48.   Upon information and belief, from early 2015 through March 2016, Defendants provided
funds to Mr. Negrete and Mr. Elias to pay Plaintiff for her work for Defendants.

49.   Upon information and belief, the funds Defendants provided to Mr. Elias and Mr.
Negrete to pay Plaintiff were insufficient to cover minimum wage or overtime payments
to Plaintiff.

8

50.    Upon information and belief, between March 2016 and July 31, 2016, Defendants paid
       Plaintiff directly and the amount paid was insufficient to cover minimum wage or
       overtime payments to Plaintiff.

51.    At all times relevant to this Complaint, Plaintiff was a "non-exempt" employee for the
       purposes of coverage under the FLSA and DCMWA.

52.    Defendants paid Plaintiff $100 by check on or around September 2016, for the janitorial
       services Plaintiff performed at the direction of Defendants, which was intended to
       represent a payment toward unpaid wages owed to Plaintiff for March 2016.

53.    Defendants failed to pay Plaintiff the statutory minimum wage for the work she
       performed for Defendants, in violation of the FLSA and the DCMWA.

54.    Defendants failed to pay Plaintiff overtime wages for the work she performed for
       Defendants in excess of 40 hours per week.

55.    Defendants were and are aware that the FLSA, 29 U.S.C § 206, and the DCMWRA, D.C.
       Code § 32-1003(a), require employers to pay all employees the statutory minimum wage
       for all hours worked.

56.    Defendants were and are aware that the FLSA, 29 U.S.C. § 207(a), and the DCMWRA,
       D.C. Code § 32-1003(c), require employers to pay all employees overtime wages at one-
       and-a-half times their regular rate of pay for hours worked in excess of 40 hours each
       workweek.

57.    Defendants were and are aware that the DCWPCL, D.C. Code § 32-1302, requires
       employers to pay employees all wages at least twice during each calendar month.

58.    Defendants were and are aware that the FLSA, 29 § U.S.C. 211(c) and 29 C.F.R. § 516.6,
       require Defendants to keep and maintain records for at least two years documenting the

hours worked by each employee and the amount paid to each employee during those hours.

59.    Defendants were and are aware that  D.C. Code § 32-1008, *et seq.*, requires Defendants to keep and maintain records for at least three years documenting the rate of pay and amount paid each pay period to each employee and the precise times worked each day and workweek by each employee.

60.    Defendants' failure to pay Plaintiff's wages as required by law was not the result of a *bona fide* dispute.

61.    Defendants' failure to pay Plaintiff's wages as required by law was willful and in bad faith.

62.    At all times relevant to this Complaint, Plaintiff was a non-exempt employee within the meaning of 29 C.F.R. § 541, *et seq*.

## Count 1: Violations of the FLSA, 29 U.S.C. §§ 201, *et seq.*

63.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the FLSA.

64.    Plaintiff was employed by Defendants to perform janitorial and cleaning services.

65.    During the applicable statutory period, Defendants routinely failed to pay Plaintiff a minimum wage for all hours worked, in violation of 29 U.S.C. § 206.

66.    During the applicable statutory period, Plaintiff routinely worked over forty hours a week and Defendants failed to pay Plaintiff overtime wages for the hours she worked in excess of forty hours per workweek, in violation of 29 U.S.C. § 207(a).

67.    Defendants did not post or keep posted a notice explaining the FLSA in a conspicuous place so as to permit Plaintiff to readily observe a copy, as required by 29 C.F.R. § 516.4.

68.     Defendants' violations of the FLSA were repeated, willful and intentional. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

69.     At all times relevant to this Complaint, Plaintiff was a non-exempt employee within the meaning of the FLSA and did not meet the requirements for exemption from the FLSA pursuant to 29 C.F.C. §§ 541, *et seq.*

70.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not in violation of the FLSA. Plaintiff seeks to recover all unpaid minimum wages and overtime compensation and liquidated damages in an amount equal to the unpaid wages described above, plus costs and reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to 29 U.S.C. § 216(b).

71.     Alternatively, should the Court find that Defendants have not acted willfully in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of prejudgment interest on all unpaid wages at the applicable legal rate.

## Count 2: Violation of the District of Columbia Minimum Wage Revision Act, D.C. Code §§ 32-1001, *et seq.*

72.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs in support of her claims under the DCMWRA.

73.     At all times relevant to this Complaint, Defendants routinely failed to pay Plaintiff the required statutory minimum wage for all hours worked, in violation of D.C. Code § 32-1003(a).

74.    During the applicable statutory period, Plaintiff routinely worked over forty hours a
       week. Defendants failed to pay Plaintiff overtime wages for the hours she worked in
       excess of forty hours per week, in violation of D.C. Code § 32-1003(c).

75.    Defendants have not acted in good faith or with reasonable grounds to believe their
       actions and omissions were not in violation of the DCMWRA, nor did they promptly pay
       the full amount of wages that Plaintiff is owed.

76.    Defendants did not post a copy of the relevant wage and hour laws or regulations in a
       conspicuous and accessible place in the premises at which the Plaintiff was employed, as
       required by D.C. Code § 32-1009.

77.    Plaintiff is entitled to recover all unpaid wages, back wages, statutory penalties,
       liquidated damages in an amount equal to treble the amount of unpaid wages, and
       reasonable attorneys' fees and costs  pursuant to D.C. Code § 32-1012(b) and D.C. Code
       § 32-1308.

## Count 3: Violation of the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301, et seq.

78.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in
       the preceding paragraphs in support of her claims under the DCWPCL.

79.    At all times material to this Complaint, Defendants routinely failed to pay Plaintiff a
       minimum wage for all hours worked, in violation of D.C. Code § 32-1003(a).

80.    At all times material to this Complaint, Plaintiff routinely worked over forty hours a
       week. Defendants failed to pay Plaintiff overtime wages for the hours she worked in
       excess of forty per week, in violation of D.C. Code § 32-1003(c).

81.   Defendants did not post a copy of the relevant wage and hour laws or regulations in a conspicuous and accessible place in the premises at which the Plaintiff was employed, as required by D.C. Code § 32-1009.

82.   At all times material to this Complaint, Defendants routinely failed to pay Plaintiff all required minimum and overtime wages at least twice in each calendar month, in violation of D.C. Code § 32-1302.

83.   Plaintiff is entitled to receive reasonable attorneys' fees and costs, back wages, liquidated damages equal to treble unpaid wages, statutory penalties, and such legal and equitable relief as may be appropriate pursuant to D.C. Code § 32-1308(a)(1)(A).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

   a.   Grant judgment for Plaintiff against Defendants on all counts;

   b.   Order Defendants to pay Plaintiff the unpaid minimum wages and overtime wages owed to her pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 207(a) respectively, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

   c.   Order Defendants to pay Plaintiff all unpaid wages, plus an amount of liquidated damages equal to treble the unpaid wages pursuant to D.C. Code § 32-1012(b) and D.C. Code § 32-1308;

   d.   Order Defendants to pay Plaintiff back wages, plus an amount of liquidated damages equal to treble the unpaid wages pursuant to D.C. Code § 32-1308(a)(1)(A);

   e.   Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs; and

   f.   Order any other relief that the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and pursuant to the local rules of this Court, Plaintiff demands a jury trial as to all issues so triable.

Dated: <u>May 31, 2018</u>                                        Respectfully Submitted,

Cori M. Cohen, Bar No. MD19124
Attorney for the Plaintiff
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880; Fax: (301) 608-0881
ccohen-efile@gelawyer.com

Jillian Moo-Young, Bar No. 1045088
Attorney for the Plaintiff
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880; Fax: (301) 608-0881
jmooyoung-efile@gelawyer.com